# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

TONY ORLANDO PACE                                                         PETITIONER

v.                              NO. 5:07CV00267 WRW/HDY

LARRY NORRIS, Director of the                                             RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge William R. Wilson, Jr.  Any party may serve and file written objections to these findings and recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, Arkansas 72201-3325

## DISPOSITION

The record reflects that in February of 2002, petitioner Tony Orlando Pace ("Pace") was convicted by a Ouachita County, Arkansas, Circuit Court jury of aggravated robbery, attempted capital murder, and "possession of a firearm by certain persons." See Pace v. State, 2003 WL 1735652 at 1 (Ark.App. 2003). Pace appealed his convictions to the Arkansas Court of Appeals and challenged the trial judge's denial of a motion for directed verdict, a challenge the state Court of Appeals construed as a challenge to the sufficiency of the evidence. The state Court of Appeals found no reversible error and affirmed his convictions in April of 2002.[1]

In October of 2007, Pace commenced the proceeding at bar by filing a petition for writ of habeas corpus.[2] Although the undersigned initially characterized the petition as one pursuant to 28 U.S.C. 2254, see Document 6 at 1, it appears upon closer examination to be something entirely different.

---

[1] In the years following Pace's convictions, several pleadings and orders were entered on the criminal docket sheet maintained by the Ouachita County, Arkansas, Circuit Court Clerk's Office. They were as follows: (1) in May of 2004, a motion for credit for time spent in custody was docketed; (2) in June of 2004, an order denying a motion for credit for time spent in custody was docketed; (3) in February of 2005, an order denying a motion for reconsideration was docketed; (4) in April of 2005, a motion for reconsideration was docketed; (5) in April of 2005, an order denying a motion for reconsideration was docketed; (6) in April of 2006, a motion for discovery and a state habeas corpus petition were docketed; (7) in May of 2006, an order denying a state habeas corpus petition was docketed; and (8) in March of 2007, the following were docketed: (A) a petition for reduction of sentence; (B) a motion for transcript; and (C) an order denying a motion for reduction of sentence. See Document 5, Exhibit E at 64-65.

[2] In the petition, he challenged the sufficiency of the evidence supporting his convictions and the conduct of the police officers and/or prosecuting attorney in refusing to test Pace's hands for gunpowder.

Respondent Larry Norris ("Norris") filed a response to Pace's petition. Norris maintained that the petition should be dismissed because, <u>inter</u> <u>alia</u>, "it appears that Pace actually intended for the instant petition to [be] a petition for state habeas corpus relief pursuant to <u>Ark</u>. <u>Code</u> <u>Ann</u>. 16-112-103 (Repl. 2006), rather than for federal habeas relief pursuant to 28 U.S.C. 2254." <u>See</u> Document 4 at 2.[3]

On the heels of Norris' response, the undersigned notified Pace of the grounds for dismissal advanced by Norris. Pace was invited, but not required, to submit a reply to Norris' various assertions. Pace filed nothing in reply.

The undersigned has had an occasion to review the record in this proceeding. In light of that review, the undersigned makes the following findings and recommendation.

The petition filed by Pace is noteworthy in five respects. First, the caption of the petition is as follows: "In The Circuit Court Of Ouachita County, Arkansas, Fourth Division." <u>See</u> Document 1 at 1. Second, the first page of the petition contains the docket number from Pace's criminal case in Ouachita County, Arkansas, Circuit Court, <u>i.e</u>., No. 2001-259. Third, the heading of the petition reflects that it is a habeas corpus petition filed pursuant to <u>Ark</u>. <u>Code</u> <u>Ann</u>. 16-112-101 through 123. Fourth, the petition contains the following printed representation:

---

[3] Norris also maintained that the petition should be dismissed because it is barred by the one year limitations period codified at 28 U.S.C. 2244(d) and because the claims contained in it are procedurally barred from federal court review.

> That Petitioner is being held unlawfully and this Court has jurisdiction pursuant to the Arkansas Constitution and Arkansas Code Annotated 16-112-101, et seq.

See Id. Fifth, the certificate of service reflects that Pace intended to mail the petition to the Prosecuting Attorney of Ouachita County, Arkansas.

As the undersigned noted above, Pace's petition was initially characterized as one pursuant to 28 U.S.C. 2254. In light of the five matters noted above, the undersigned is now convinced that the petition is not one pursuant to 28 U.S.C. 2254 but is instead a state habeas corpus petition. Why, then, was it filed in federal court? The undersigned has no idea. Although Pace undoubtedly mailed it to the Clerk of the Court for the United States District Court for the Eastern District of Arkansas, the undersigned is of the opinion that Pace never intended to file his petition in federal court but instead intended to file the petition in Ouachita County, Arkansas, Circuit Court. Because the petition was erroneously filed in federal court, it should be dismissed.[4]

---

[4] Three additional points are in order. First, the ideal resolution of this proceeding would be for the petition to be transferred to Ouachita County, Arkansas, Circuit Court. The undersigned knows of no mechanism, however, for transferring a petition from federal court to state court. Second, the undersigned is mindful of 28 U.S.C. 2244. Sub-paragraph (b)(3)(A) of section 2244 provides that "[b]efore a second or successive [petition] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]." The undersigned takes no position on whether the provision governing second or successive petitions will be applicable in the event Pace subsequently commences a proceeding pursuant to 28 U.S.C. 2254. Third, the undersigned takes no position on Norris' assertions that the petition is barred by the one year limitations period codified at 28 U.S.C. 2244(d) and that the claims contained in it are procedurally barred from federal court review.

The undersigned is convinced that Pace erroneously filed a state habeas corpus petition in federal court.  For that reason, the undersigned recommends that it be dismissed.  Judgment should be entered for Norris.

DATED this __1__ day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE